Argued and submitted June 7, reversed and remanded August 2, 1983

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## NANCY ANN WHITLEY,
*Petitioner on Review.*

(TC 10-81-01522, CA A23320, SC 29304)

666 P2d 1340

Michael V. Phillips, Eugene, argued the cause and filed the petition for petitioner on review.

Robert W. Barton, Assistant Attorney General, Salem, argued the cause for respondent on review.

PER CURIAM

## PER CURIAM

The defendant was indicted for arson in the first degree, ORS 164.325(1)(b). She was convicted of that charge in a jury trial. The Court of Appeals affirmed the conviction in a per curiam opinion remanding only for a hearing to determine the amount of attorney fees the defendant is required to pay. We allowed the defendant's petition for review.

The indictment stated in pertinent part:

"The defendant on or about the 9th day of February, 1981, in the county aforesaid, acting in pursuance of a common intent with John Joseph Kaiser, did unlawfully and intentionally damage property by starting a fire, and thereby did recklessly place in danger of physical injury another person, and did recklessly place in danger of damage the protected property of another; contrary to statute and against the peace and dignity of the State of Oregon."[1]

The sole issue before this court[2] is whether there is any evidence that a piece of rag constitutes "property" under the arson statutory scheme which prohibits the intentional starting of a fire which damages "any property" if such act recklessly places another person in danger of physical injury or protected property in danger of damage. First degree arson is defined in ORS 164.325:

"(1)   A person commits the crime of arson in the first degree if, by starting a fire or causing an explosion, he intentionally damages:

(a)   Protected property of another; or

(b)   Any property, whether his own or another's, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage.

"(2)   Arson in the first degree is a Class A felony."

"Property" is defined in ORS 164.005(5):

" 'Property' means any article, substance or thing of value, including, but not limited to, money, tangible and intangible

---

[1] The defendant was also charged with resisting arrest and was granted a motion for judgment of acquittal on this charge.

[2] Because of the disposition of this case, the constitutional issues need not be addressed.

personal property, real property, choses-in-action, evidence of debt or of contract."

The defendant and a co-defendant attended a public meeting on the campus of the University of Oregon. The meeting was conducted in an auditorium and was attended by approximately 1,000 people. As the main speaker began his presentation, the defendant and her co-defendant went to the front of the room to demonstrate. The co-defendant produced a piece of rag which had previously been dipped in gasoline and the defendant lit the rag on fire with a match or other incendiary device. The co-defendant then threw the rag to the floor in front of the podium and a bystander ran to the burning rag and extinguished it with his coat. If the rag is "property" as defined by ORS 164.005(5), a jury could find the defendant guilty of arson in the first degree as this conduct recklessly placed approximately 1,000 people in danger of physical injury from a possible spreading fire or crowd panic that might have ensued.

The elements of the crime of arson in the first degree, ORS 164.325(1)(b), are: (1) intentional, (2) damage by, (3) fire or explosion of, (4) any property, whether the actor's or another's, and this results in (5) recklessly placing another person in danger of physical injury or (6) recklessly placing protected property of another in danger of damage.[3] Arson in the first degree, ORS 164.325(1)(b), is based on Model Penal Code § 220.1(2), "Reckless Burning or Exploding." In pertinent part, that section of the Model Penal Code states:

"A person commits a felony * * * if he purposely starts a fire * * * and thereby recklessly:

(a)   places another person in danger of death or bodily injury; or

(b)   places a building or occupied structure of another in danger of damage or destruction."

The Model Penal Code calls this a "felony of the third degree."

We do not know why Oregon's legislature required that the defendant intentionally damage "property" by starting a fire before this crime can be completed, but in any event this is a deviation from the Model Penal Code. By injecting the

---

[3] *See* Oregon Criminal Code of 1971, Commentary to ORS 164.325.

necessity that the state prove that what was burned was "property," the state is bound by the definition of "property" found in ORS 164.005(5). This means that as an element of proof the state must prove the property had "value" as defined by this section. Because this section also defines "property" for purposes of the various theft statutes, we do not believe that "symbolic value" or "value in use,"[4] as argued by the state, was intended by the legislature as sufficient evidence of value.

What the state may have proved, but what was not charged, is reckless endangering. ORS 163.195 reads:

"(1)   A person commits the crime of recklessly endangering another person if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

"(2)   Recklessly endangering another person is a Class A misdemeanor."

Although not identical to Model Penal Code § 211.2, ORS 163.195 substantially follows the Code. Model Penal Code § 211.2 reads in pertinent part:

"A person commits a misdemeanor if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. * * *"

The commentary to the arson section of the Model Penal Code appears to address the problem in this case:

"The offense of reckless endangering defined in Section 211.2 of the Model Penal Code is designed to protect the same interest as subsection (2) of the arson offense but is graded as a misdemeanor. The judgment underlying subsection (2) is that third degree felony treatment is appropriate in cases where the method of endangering is particularly dangerous, *i.e.,* starting a fire causing explosion. *A provision analogous to subsection (2) will be unnecessary, of course, in those codes that grade the basic reckless-endangering provision more severely."* (Emphasis added.)

At the end of this commentary, the drafters of the Model Penal Code cite ORS 163.195 as an example of a statute that treats

---

[4] *See* Black's Law Dictionary, p 1721 (4th ed 1951).

reckless endangering as a serious offense with a substantial penalty.[5]

We cannot explain why the legislature chose to define "property" as it did with the effect that "unless the context requires otherwise," ORS 164.005, it sweeps across all of the statutes that deal with crimes against property.

After viewing evidence in this case in the light most favorable to the state, and upon application of the rule required by *Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560, 573 (1979), "the relevant question is whether, after viewing the evidence most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," and following our decisions in *State v. Harris,* 288 Or 703, 609 P2d 798 (1979), and *State v. Krummacher,* 269 Or 125, 523 P2d 109 (1974), we find that the state has failed to meet its burden of proof.

Reversed and remanded.

---

[5] A violation of ORS 163.195 is punishable by imprisonment for up to one year, ORS 161.615(1).