Argued and submitted July 11, reversed and remanded for reconsideration
September 10, 1986

# HURST,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

(85-AB-1738; CA A38278)

724 P2d 946

Mark A. Peterson, Klamath Falls, argued the cause and filed the brief for petitioner.

James E. Mountain, Jr., Solicitor General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Grocery Warehouse.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner seeks review of an order of the Employment Appeals Board (EAB) that denied her benefit rights pursuant to ORS 657.176(3)[1] on the basis that she had admitted theft in connection with her work. We reverse.

EAB made findings of fact:

"(1) The claimant worked for the above employer from October 14, 1982 until May 2, 1985 as a clerk. (2) During a portion of her employment, the employer became concerned that the claimant was eating cookies off the shelves that she was stocking. (3) On May 2, 1985, prior to the claimant's stocking shelves, her supervisor inspected the shelves and found no broken packages of cookies. (4) After the claimant stocked the shelves, she turned in two broken packages of cookies, however, no cookies were missing at that time. (5) She turned the cookies into [sic] the receiving clerk who was preparing to follow store procedure in seeking a refund from the manufacturer. (6) The claimant [sic] retained the necessary portion of the package and was preparing to throw the remainder in the garbage. (7) Just before the receiving clerk threw the cookies in the trash, the claimant grabbed a couple and ate them * * *. (8) The claimant admitted this at the hearing. (9) Claimant was aware of the policy [against] consuming foodstuffs without paying for them first and knew that she could be discharged for violation of that rule * * *. (10) Claimant was later discharged for taking the cookies prior to them [sic] being dumped in the trash container because of violation of the employer's policy."

---

[1] ORS 657.176(3) provides:

"If the authorized representative designated by the assistant director finds an individual was discharged for misconduct because of the individual's commission of a felony or theft in connection with the individual's work, all benefit rights based on wages earned prior to the date of the discharge shall be canceled if the individual's employer notifies the assistant director of the discharge within 10 days following the notice provided for in ORS 657.265(1) or within 20 days following the notice provided for in ORS 657.265(2), and:

"(a) The individual has admitted commission of the felony or theft to an authorized representative of the assistant director, or

"(b) The individual has signed a written admission of such act and such written admission has been presented to an authorized representative of the assistant director, or

"(c) Such act has resulted in a conviction by a court of competent jurisdiction."

EAB concluded from those findings that petitioner had admitted theft. However, the findings do not support that conclusion.

"Theft," as the term is used in ORS 657.176(3), means the crime of theft as defined in ORS 164.015.[2] *See Diamond Fruit v. Employment Div.*, 26 Or App 617, 553 P2d 1080 (1976). Admission of theft requires an admission that petitioner intended to appropriate property of another or deprive another of property. *See* ORS 164.015. "Property" in this context means an article, substance or thing of value. ORS 164.005(5); *see State v. Whitley*, 295 Or 455, 666 P2d 1340 (1983). "Value" is defined as the market value of the property at the time and place of the crime. ORS 164.115(1).

There is no finding that the two discarded cookies were a substance or thing of any value whatsoever. Without such a finding, there is no rational basis for the conclusion that the act admitted by petitioner was theft. *See Diamond Fruit v. Employment Div., supra,* 26 Or App at 620.

Reversed and remanded for reconsideration.

---

[2] ORS 164.015 provides, in part:

"A person commits theft when, with intent to deprive another of property or to appropriate property to the person or to a third person, the person:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof * * *."