Argued and submitted May 29, 1992, reversed February 3, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIE KING,
*Appellant.*

(DA428527; CA A69887)

846 P2d 412

Dan Maloney, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Defendant appeals his conviction for theft in the third degree. ORS 164.043. We reverse.

On August 31, 1990, two Portland police officers were sent to the Union Pacific Railroad yards to investigate a report that three people were seen trespassing on Union Pacific's property. Upon arrival, the officers saw defendant unloading scrap metal from a railroad car. The officers arrested him for theft.

Defendant assigns error to the trial court's denial of his motion for a judgment of acquittal. He argues that the state failed to prove that the scrap metal was "property" within the meaning of ORS 164.043. We review the evidence in the light most favorable to the state to determine whether a rational juror could have found the elements of the crime beyond a reasonable doubt. *State v. Harris*, 288 Or 703, 721, 609 P2d 798 (1980).

Theft in the third degree is the intentional taking of property having a total value of less than $50. ORS 164.043. ORS 164.005(5) provides that "property" means "any article, substance, or other thing of value, including, but not limited to * * * tangible and intangible personal property * * *." The property that the state must prove was taken must come within the definition in ORS 164.005(5). *State v. Whitley*, 295 Or 455, 459, 666 P2d 1340 (1983). Therefore, "as an element of proof the state must prove the property had 'value' as defined by this section." *State v. Whitley, supra*, 295 Or at 459.

ORS 164.115(1) provides that the "value" of stolen property is established by evidence of its "market value at the time and place of the crime * * *." Thus, to prove that the scrap metal had value and, therefore, was property within ORS 163.043, the state was required to establish that it had a market value and what that value was at the time and place of the crime.

The only evidence that the state introduced that conceivably pertained to the market value of the scrap metal was the testimony of Harris, a Union Pacific security officer:

"Q: Can you place any kind of value on [the scrap metal]?

"A: It varies [with] what the current market rate is at that particular time."

That testimony in no way indicates what the market value of the scrap metal was in the relevant market the day that the crime was committed. We conclude, therefore, that the state failed to present sufficient evidence from which a reasonable trier of fact could infer that the scrap metal was property within the meaning of ORS 163.043.[1] Accordingly, defendant's motion for a judgment of acquittal should have been granted.

Reversed.

---

[1] The state has not discussed what effect, if any, ORS 164.115(3) might have on this determination.