Argued and submitted April 4, reversed and remanded for entry of a judgment finding youth within the jurisdiction of the juvenile court for an act that, if committed by an adult, would constitute second-degree criminal mischief
August 13, 2008

In the Matter of R. A.,
a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF POLK COUNTY,
*Respondent,*

*v.*

R. A.,
*Appellant.*

Polk County Circuit Court
6933J; A130294

191 P3d 702

Angela Sherbo argued the cause for appellant. On the brief was Maite Uranga.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

This is an appeal of a juvenile court judgment finding youth within the jurisdiction of the juvenile court for an act that, if committed by an adult, would constitute first-degree criminal mischief. The mischievous conduct in this case was painting graffiti on a sidewalk and wall at Riverview Park in Independence. We review the facts *de novo* and the legal issues as a matter of law. ORS 419A.200(6).

On appeal, youth raises four assignments of error. In his first assignment of error, youth asserts that the evidence was insufficient to prove beyond a reasonable doubt that he was the one who painted the graffiti; he also argues that the state did not prove that the damage caused met the monetary amount required for first-degree criminal mischief. In his second assignment of error, he claims that the juvenile court erred in using an interpreter who was not court-certified and that the court failed to establish the interpreter's qualifications. In his third assignment of error, youth argues that the juvenile court erred in overruling his hearsay objection to testimony regarding the amount of damages. Finally, in his fourth assignment of error, youth argues that the trial court erred in failing "to address the constitutionality of the warrantless arrest in youth's home." For the reasons explained below, we reverse and remand for entry of an amended judgment.

■    We begin with youth's fourth assignment of error. Youth argues that the "warrantless, nonconsensual arrest of the youth in his home violates Article I, section 9, of the Oregon Constitution." Youth did not raise that argument in the juvenile court. Nonetheless, he asks this court to address the claim of error as error apparent on the face of the record. *See* ORAP 5.45(1) (court may consider unpreserved claim of error if it is "apparent on the face of the record"). We may address an unpreserved claim of error if the error is "plain," that is, if the claimed error (1) is an error of law, (2) is not reasonably in dispute, and (3) does not require us to go outside the record to identify the error or choose between competing inferences. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If we find plain error, we consider whether to exercise our discretion to review the error. *See Ailes v.*

*Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (setting out nonexclusive list of factors to consider).

██ We conclude that the juvenile court did not commit plain error in failing, *sua sponte*, to "address the constitutionality of the warrantless arrest in youth's home." Initially, we are aware of no requirement that a trial court address, much less that it resolve, a constitutional issue not raised by the parties. Moreover, the only evidence in the record regarding youth's arrest is that his mother consented to the officer's entry into the family home, went and got youth, and brought him to the officer. Finally, even if we were to conclude that the trial court committed plain error, we would not exercise our discretion to address it because, had youth challenged the legality of the arrest in the juvenile court, the state could have produced further evidence about the circumstances of the arrest. We reject youth's fourth assignment of error.

As noted above, youth's second and third assignments of error relate to evidentiary matters: the use of an interpreter who was not court-certified for one witness's testimony and the admission of evidence that youth claims was inadmissible hearsay. Were this a criminal case, we would resolve those assignments of error on the ground that any error was harmless. But given our *de novo* review in juvenile cases, we use essentially the same approach by not considering the evidence that is the subject of the second and third assignments of error. *See State ex rel Juv. Dept. v. S. P.*, 218 Or App 131, 156-57, 178 P3d 318 (2008) (employing that analysis). That is, in addressing youth's first assignment of error—pertaining to the sufficiency of the evidence—we do not consider the evidence that youth challenges in his second and third assignments of error.

█ We turn to youth's first assignment of error. Youth asserts that the state did not prove beyond a reasonable doubt that he was the person who painted the graffiti in Riverside Park. We have reviewed the record and, on *de novo* review, we find beyond a reasonable doubt that youth was the graffiti artist; a detailed discussion of the evidence would not benefit the bench, the bar, or the public.

As noted, however, youth also argues that the state did not prove beyond a reasonable doubt that he "[d]amage[d]

or destroy[ed] property of another * * * [i]n an amount exceeding $750," as required by ORS 164.365(1)(a). On appeal, the state concedes the error and, on *de novo* review, we agree with defendant and accept the state's concession. The state asserts, nonetheless, that there is uncontroverted evidence of damages in the amount of $482.99, which is sufficient to support a finding of jurisdiction for an act that, if committed by an adult, would constitute second-degree criminal mischief. *See* ORS 164.354(1)(a) (requiring damages in excess of $100). We agree and remand for entry of an amended judgment.

Reversed and remanded for entry of a judgment finding youth within the jurisdiction of the juvenile court for an act that, if committed by an adult, would constitute second-degree criminal mischief.