Argued and submitted March 22, reversed August 22, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM PAUL NYHUIS,
*Defendant-Appellant.*

Lane County Circuit Court
211010593; A145893

284 P3d 1229

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Defendant was convicted of reckless burning for setting fire to a cracker wrapper, toilet paper, and a paper drinking cup that were provided to him by a detoxification center. On appeal, he argues that the court erred in denying his motion for a judgment of acquittal, because ORS 164.335(1), the reckless burning statute, applies only if the burnt items were the "property of another," and the state failed to prove that what he burned was either "property" or "of another." We reverse.

The parties stipulated to the following facts (and no others):

> "On May 10, 2010, in Lane County, Oregon, specifically in the City of Eugene, and more specifically in the Buckley House, which is a detoxification center, the defendant was taken to that location based on his perceived state of sobriety or lack thereof. He was taken—defendant used a match to burn cracker wrappers, toilet paper and a paper cup, all of which had been supplied by the Buckley House. Some of the charred remains of the items were found in the toilet of a secured room that defendant had been known to be residing [in] when the fire started. The fire caused the fire alarm to initiate and staff members had to evacuate all residents.
>
> "The defendant admitted setting at least one paper cup on fire."

As we will explain, this stipulation is noteworthy for what it does *not* contain. In particular, it does not contain any information about the quantity of toilet paper that defendant burned (a roll? a single sheet?), whether the cup (or the toilet paper, for that matter) was used or unused, or whether the items were "supplied" to defendant with the same understanding that, for example, toiletries, packets of coffee, and other consumable items are "supplied" to hotel guests (to take away if unused), or whether they were "supplied" with the same understanding that bed linens, towels, and (in some hotels) bathrobes are supplied to hotel guests (to use and leave behind).

Based on the stipulated facts, defendant was convicted of reckless burning:

"A person commits the crime of reckless burning if the person recklessly damages property of another by fire or explosion."

ORS 164.335(1). ORS 164.305 provides that, for purpose of arson-related offenses, "property of another" means "property in which anyone other than the actor has a legal or equitable interest that the actor has no right to defeat or impair[.]" ORS 164.005(5) provides that, as used in ORS chapter 164, "unless the context requires otherwise," the term "property" means "any article, substance or thing of value[.]" The term "value," in turn, is defined in ORS 164.115(1) as

"the market value of the property at the time and place of crime, or if such cannot reasonably be ascertained, the cost of replacement of the property within a reasonable time after the crime."

Thus, based on the foregoing definitions, reckless burning occurs when a person recklessly damages, by fire or explosive, something that, at the time and place of the damaging act, has a market value or, if no market value can reasonably be obtained, has a replacement cost—but if and only if someone other than the person has a legal or equitable interest in that item that the person has no right to defeat or impair.

Defendant sought a judgment of acquittal on two grounds: the state had not proved that the small quantity of items defendant burned had market value; and the state had not proved that Buckley House had a legal or equitable interest in the items burned. The trial court denied the motion summarily. We address defendant's arguments in sequence.

We discussed the concept of "value" as used in ORS 164.005(5) and as defined in ORS 164.115 in *State ex rel Juv. Dept. v. Deford*, 177 Or App 555, 34 P3d 673 (2001), an arson case. In *Deford*, the youth set fire to a small stack of free newspapers and was charged with arson, among other offenses. ORS 164.325(1)(b) provided that a person commits the offense of first-degree arson if,

"by starting a fire or causing an explosion, the person intentionally damages:

"* * * * *

"(b) Any property, whether the property of the person or the property of another person, and such act recklessly places another person in danger of physical injury[.]"

The youth sought dismissal of the arson charge, contending that the state had not established that the newspapers had value. Our opinion focused on the meaning of the term "property," which we noted was defined in ORS 164.005(5) as "any * * * thing of value." 177 Or App at 575. We agreed with the youth, noting that the "value" that the state must establish is defined in ORS 164.115(1) as "market value." "Market value," we explained, is

"value of a particular kind. Fundamentally, for an item to have market value, there must be a market for the item in which willing buyers and sellers engage in arm's-length transactions in which the item is traded for value. * * * If there is no established market for an item, its market value—if any—becomes speculative. * * * Speculative worth, however, is not enough; 'value,' for purpose of the relevant definition of property, cannot be established in the abstract or by theoretical supposition."

177 Or App at 578-79 (citations omitted). We emphasized in *Deford* that the concept of "market value" requires the existence of an actual market for an item:

"[T]he notion of market value requires the existence of *both* a willing buyer and a willing seller to demonstrate that there is an actual market in which the good has value in trade. In this case, the state never established that willing sellers of such small amounts of newspapers exist."

*Id.* at 579 (emphasis in original).

In *Deford,* because the state had not established that there was a market for the small quantity of newspapers that the youth had burned ("in the sense that willing sellers exchange them for value from willing buyers in arm's-length transactions"), we held that the state had failed to meet its burden to prove the "property" element of the offense of arson. 177 Or App at 582. Defendant contends that *Deford* compels the same conclusion here, because the record is devoid of evidence that there is a market for the items that defendant burned. We agree. The state does not establish, nor could it, that there is a market for used cracker

wrappers. And while there may be a market for *new* paper cups and for *new* rolls of toilet paper, there is nothing in the record to establish that that is what defendant burned, nor is there any evidence from which inferences to that effect may be drawn.[1]

The state notes that ORS 164.115(4) provides that, "[w]hen the value of property cannot reasonably be ascertained, it shall be presumed to be an amount less than $50 in a case of theft, and less than $500 in any other case." Thus, in the state's view, it is not required to prove specific monetary value of the property if no value is ascertainable: If the value is unascertainable, it is presumed to have a value in an "amount" less than some specified "amount," and if its value is an "amount," that means that its value cannot be zero.

We reject that argument. It depends on the premise that, if something is worth "an amount," it cannot be worth *nothing.* That premise, in turn, depends on the assumption that "zero" or "nothing" is not an "amount." That assumption cannot be reconciled with the English language as it is used, even by lawyers and judges. *See, e.g., Berkheimers v. Citizens Valley Bank,* 270 Or 807, 810, 529 P2d 903 (1974) ("[D]efendant is liable only for the amount of the proceeds remaining in its hands (such amount being zero.)"); *State v. Starr,* 210 Or App 409, 414, 150 P3d 1072 (2007) ("The trial court entered an order, granting attorney fees and costs in the amount of zero dollars."). At least in the context of taxes, zero is emphatically an amount, *see, e.g., Tektronix, Inc. v. Dept. of Rev.,* TC No 4951 (2012) ("If the net of gains and losses results in a negative amount, the correct amount for factor purposes is zero."), and we can find nothing in the dictionary, statutes, or case law to the contrary. Thus, the fact that goods of unascertainable value are worth an "amount" does not imply that they have value. We conclude that "property," for purposes of the reckless burning statute, encompasses only items that have a market value, and that the state did not present sufficient (or any) evidence to establish that the items that defendant burned met that definition.

---

[1] The state's brief relates that defendant burned "an unknown quantity of toilet paper."

At oral argument, the state modified the emphasis of its argument, contending that the issues of property and value were a "red herring"; the key question is whether defendant burned property "of another." The state noted that the concept of "value," and hence of market value, was imported into defendant's analysis based on *Deford* and *State v. Whitely*, 295 Or 455, 459, 666 P2d 1340 (1983), both of which were arson cases that used the general definition of "property" from ORS 164.005(5). Under the state's modified analysis, in the context of the offense of reckless burning, the definition of "property" as set forth in ORS 164.005(5) ("any article, substance or thing of value") is inapplicable. That is because, the state contends, the offense of reckless burning contains its own, more specific, definition of "property of another," ORS 164.305(2): "property in which anyone other than the actor has a legal or equitable interest that the actor has no right to defeat or impair." That definition, the state notes, makes no reference to value, much less market value. Under the state's revised analysis, the definition of "property of another" in ORS 164.305(2) does not require proof that the property burned was a thing of value—only that it was an item to which another person had a legal or equitable interest that the actor had no right to defeat or impair. The state contends that the evidence here is sufficient, because it shows that Buckley House never abandoned its interest in the items that defendant burned or gave defendant permission to dispose of them, and that defendant therefore burned "property of another."[2]

The answer to this argument resembles the answer to the state's first argument. Even if the state's theory that only ORS 164.305(2) applies to reckless burning—a conclusion that we do not address—is correct, the stipulated facts do not present any evidence from which a factfinder could determine that Buckley House did *not* give defendant the right to "defeat or impair" Buckley House's legal or equitable interest in the items he burned. No rational factfinder could infer from the stipulated facts that Buckley

---

[2] Despite the fact that the state did not make that precise argument below, we nonetheless consider it as an alternative basis for affirmance. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (describing criteria for entertaining alternative bases of affirmance).

House, in giving defendant crackers, intended that he consume the crackers but return the wrapper unimpaired. Likewise, nothing in the stipulated facts states or implies that the paper drinking cup and toilet paper (at least in an unspecified quantity) were meant to be returned unimpaired, rather than used and discarded. Thus, even if the state proved that defendant burned "property," the state failed to prove that defendant burned property "of another."

On review of a denial of a motion for judgment of acquittal, we assess the evidence and all reasonable inferences in the light most favorable to the state to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Whitley*, 295 Or at 460. We conclude that, on this record, there is no evidence from which the trier of fact could have found that the state met its burden to establish that the items defendant burned had value or that Buckley House provided them to defendant with the expectation that he would not impair or consume them. Accordingly, the trial court erred in denying defendant's motion for judgment of acquittal.

Reversed.