Argued and submitted April 25, affirmed October 15, 2014, petition for review allowed March 26, 2015 (357 Or 111)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SUNIE SHAWN WATERHOUSE,
*Defendant-Appellant.*

Washington County Circuit Court
D121196M; A153037

337 P3d 195

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Preusch, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant took several metal items from the victim's recycling drop box and was convicted of third-degree theft, ORS 164.043. To establish third-degree theft, the state must prove, among other things, that the items that defendant took had some "value" as that term is used in the relevant statutes. On appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal. We write to address defendant's argument that the state failed to adduce sufficient evidence that the stolen property had value and affirm.[1]

We review the denial of a motion for judgment of acquittal to determine whether a rational trier of fact viewing the evidence in the light most favorable to the state could have found that the state proved the essential elements of the crime beyond a reasonable doubt. *State v. Bivins*, 191 Or App 460, 462, 83 P3d 379 (2004). With that in mind, the relevant facts are as follows. At approximately 3:00 a.m., defendant entered the commercial property of the victim company and took several metal items from its recycling drop box, including a chair, a shelving unit, and some gutters. The police apprehended defendant, who was subsequently tried by a jury. At trial, an employee of the victim testified that the victim contracts with a recycling company that hauls away the drop box once it is full; that the recycling company pays the victim for metal materials left in the drop box; and that the amount paid for the contents varies, depending on the weight and the type of metal. The employee did not know how much the recycling company would have paid for the specific items that defendant took. The state did not offer any other evidence as to the value of those items.

Defendant moved for a judgment of acquittal at the close of the state's case, arguing that the state failed to prove that the property had value:

"[T]he State has only presented evidence that there is a collection service that does collect metal. They have not been

---

[1] Defendant also argues that the court erroneously denied his motion for judgment of acquittal because the state failed to adduce sufficient evidence for the jury to find that he had an intent to deprive the victim of the property. We reject that argument without discussion.

able to place * * * any kind of monetary value on it, nor have they been able to indicate that the service in fact would pay for the goods requested."

Defendant further argued:

"And so * * * all we have is speculative testimony. The [employee] said that the property was metal, they have a service that collects metal property, but he indicated that they only collect full dumpsters full of property. He didn't indicate that they would be willing to drive and pick up and pay for, you know, this specific chair and bookcase, nor did he indicate that they would in fact have found that material was valuable at all."

The trial court summarily denied defendant's motion, and the jury found defendant guilty of theft in the third degree.

On appeal, defendant contends that the trial court erred in denying his motion, renewing his argument that the state's evidence was insufficient for a jury to conclude that the scrap metal items had value. According to defendant, the evidence regarding the value of the stolen items indicates only that the recycling company *may* have paid for the items, not that it *would* have. Thus, reasons defendant, the value that the state seeks to ascribe to the items based on the evidence at trial is merely speculative. The state responds that it adduced adequate evidence from which a juror could conclude that the stolen items were valuable and that, even though the precise value of the items was not shown, under the statutory presumption of value in ORS 164.115(5), they were valuable enough to sustain a conviction for theft in the third degree. We agree with the state.

There are three degrees of theft, which are distinguished from each other primarily by reference to the value of the property stolen. *See* ORS 164.055 (theft of property valued at $1,000 or more is theft in the first degree); ORS 164.045 (theft of property valued at $100 or more, but less than $1,000, is theft in the second degree). Pursuant to ORS 164.043(1), a person commits theft in the third degree when,

"(a) [b]y means other than extortion, the person commits theft as defined in ORS 164.015; and

"(b)   [t]he total value of the property in a single or an aggregate transaction is less than $100."

Theft as defined in ORS 164.015 occurs when

"[a] person ***, with intent to deprive another of property or to appropriate property to the person or to a third person ***

"(1)   [t]akes, appropriates, obtains or withholds such property from an owner thereof[.]"

For purposes of ORS chapter 164, "property" means "any article, substance or thing *of value*[.]" ORS 164.005(5) (emphasis added). Thus, in short, theft is the taking of "property" (with the requisite intent), ORS 164.015; "property" is anything of value, ORS 164.005(5); and theft in the third degree is, in essence, theft of property that is not sufficiently valuable to constitute theft in the first or second degree, ORS 164.043 to 164.055.

The valuation of stolen property is governed by ORS 164.115, which provides, in relevant part:

"[T]he value of property shall be ascertained as follows:

"(1)   Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot reasonably be ascertained, the cost of replacement of the property within a reasonable time after the crime.

"*****

"(5)   When the value of property cannot reasonably be ascertained, it shall be presumed to be an amount less than $50 in a case of theft ***."

For purposes of theft in the third degree, under ORS 164.115(5), even when the value of stolen property cannot reasonably be ascertained, the state must prove that the items taken have *some* monetary value. *See State v. Nyhuis*, 251 Or App 768, 772, 284 P3d 1229 (2012) (holding that, for purposes of the reckless burning statute, ORS 164.335, the presumption of property value in "an amount" less than $50 in ORS 164.115 still requires proof of some market value). But, by virtue of the presumption in ORS 164.115(5) of value in an indeterminate amount of less than $50, the state need

not prove the precise value of those items. *See State ex rel Juv. Dept. v. H. S.*, 237 Or App 385, 390, 239 P3d 999 (2010) (holding that, although the state's evidence of the value of a stolen item was insufficient to support a conviction for theft in the second degree, under the statutory presumption in ORS 164.115, "the value of the stolen [item] is presumed to be less than $50" and the court thus "should have adjudicated youth for the lesser included offense of third-degree theft").

Based on ORS 164.115(1), the state may establish that a stolen item has some monetary value by demonstrating that it has some *market* value. As noted, pursuant to ORS 164.115(1), a specific monetary value for a stolen item may be determined by its "market value * * * at the time and place of the crime[.]" It follows that evidence showing that a stolen item has *some* market value—*i.e.*, not *no* market value—is sufficient to prove that the item has the requisite value to support a conviction for theft in the third degree, whether or not the *specific* market value of the item is proved.[2]

We discussed the concept of "market value" as used in ORS 164.115(1) in *State ex rel Juv. Dept. v. Deford*, 177 Or App 555, 34 P3d 673 (2001). In *Deford*, we noted that, "[a]lthough 'market value' is not further defined by [ORS 164.115(1)] * * *, for purposes of that statute, the term has its ordinary meaning: what a willing buyer will pay a willing seller." 177 Or App at 578 (citing *State v. Pierce*, 153 Or App 569, 575, 962 P2d 35, *rev den*, 327 Or 448 (1998)). We stated that "the notion of market value requires the existence of *both* a willing buyer and a willing seller to demonstrate that there is an *actual* market in which the good has value in trade." *Deford*, 177 Or App at 579 (second emphasis added). We emphasized that, "[i]f there is no established market for an item, its market value—if any—becomes speculative" and

___

[2] Because the presumption of value in ORS 164.115(5) applies, by its terms, to "property," which is defined in ORS 164.005(5) as anything "of value," it follows that that presumption cannot operate by itself—that is, absent any other evidence that a stolen item has some value—to impute value to an item. *See Nyhuis*, 251 Or App at 772 (rejecting the state's reliance on the statutory presumption in ORS 164.115 to establish that the items at issue there were "property" with "value" as those terms are used in ORS 164.005(5) and ORS 164.115(1), because the state did not present "sufficient (or *any*) evidence" that there was a market, and, thus, market value, for the items (emphasis added)).

that "[s]peculative worth * * * is not enough[.]" *Id.* at 578-79. We then considered whether a small quantity of newspaper was "property" with "value" as those terms are defined in ORS 164.005(5) and ORS 164.115(1). To support its contention that the newspaper was valuable, the state presented evidence that the newspaper *"could* have been redeemed at [a] recycling facility for somewhere between five and twenty-five cents[.]" *Deford,* 177 Or App at 579 (emphasis added). However, we reasoned, to establish that there was a market for the newspaper, "the state needed to show the existence of someone willing to take the small quantity of newspaper involved, transport it * * *, and collect a nickel." *Id.* at 581. Because "[t]he state did not do so[,]" we held that "[i]t would be purely speculative to infer the existence of someone willing to sell on the terms on which [the buyer] was willing to buy[,]" and that, therefore, "the evidence did not establish the existence of a market for the small quantity of newspaper * * *, and thus that the [newspaper] had 'market value.'" *Id.*

Here, by contrast, there is no need to speculate as to the existence of both a willing seller and a willing buyer. The employee's testimony at trial established that the victim had an active and ongoing contract to sell the contents of the drop box to a buyer, the recycling company. The employee testified that the buyer paid the victim for metal materials left in the drop box and that the stolen items, which were taken by defendant from the drop box, were all made of metal. Thus, defendant is incorrect: the evidence in this case demonstrates that the recycling company *would* have paid for the stolen items, not merely that they *may* have. Furthermore, according to the employee, the amount paid for such items depends on the weight of the item and the type of metal from which it is made. This further indicates that *some* amount is always paid for metal items from the drop box, even if the precise amount may vary. As discussed above, given those facts, it is irrelevant that the employee could not specify the precise amount that the buyer would have paid the victim for the stolen items.

We therefore conclude that the evidence in this case, viewed in the light most favorable to the state, was sufficient to permit a reasonable juror to find that there was a market

for the stolen items and that, thus, they had some market value that was not merely speculative. The trial court correctly denied the motion for judgment of acquittal.

Affirmed.