LANDAU, S. J.
*265 ORS 164.354 provides that, to prove the offense of second-degree criminal mischief, the state must offer evidence that a defendant engaged in conduct that "damages" the property of another. At issue in this case is what "damages" means. Defendant contends that it requires proof of economic loss to the owner of the property and, because there was no evidence of such economic loss in this case, the trial court should have granted a motion for a judgment of acquittal on that offense. The state argues that, because the statute requires proof of only harm to the property of another-regardless of whether any economic loss resulted-the trial court correctly denied defendant's motion. We agree with the state and affirm.
When, as here, the trial court denies a defendant's motion for judgment of acquittal, we state the facts in the light most favorable to the state and review those facts to determine whether a rational trier of fact could have found defendant guilty beyond a reasonable doubt. State v. Cunningham , 320 Or. 47, 63, 880 P.2d 431 (1994), cert. den. , 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).
Beginning in the early 1970s, the New Copper Penny in Portland housed a restaurant, nightclub, and conference facility. Palindrome Communities acquired the New Copper Penny in April 2016 to redevelop the property into an apartment community. The redevelopment plan called for "gut[ting]" the interior, selling anything of value-including scrap metal-to a salvage company for recycling, and then demolishing the building.
On an evening when the building was vacant, boarded shut, and surrounded by a secure, chain-link fence, Gibson, the vice president of development for Palindrome, checked on the property and noticed that a door had been pried open. Gibson went inside, where he saw defendant touching flexible copper water supply pipes. Gibson told defendant that he needed to leave, but defendant did not respond. He then called the police, who later escorted defendant out of the building. When Gibson went back inside, the copper piping defendant had been touching had been broken in half. The conduct of *360 breaking the pipe in half neither *266 decreased its salvage value nor caused any other economic loss for Palindrome.
Defendant was tried on two offenses: second-degree criminal trespass, ORS 164.245, and second-degree criminal mischief, ORS 164.354. At the close of the state's case, defendant moved for a judgment of acquittal on the criminal mischief charge. He argued that the state had failed to prove that, when he broke the copper pipe, he caused its owner any economic loss. According to defendant, evidence of such economic loss is necessary to establish the statutory element that his conduct "damage[d]" the property of another. The trial court denied the motion. Defendant waived a jury, and the trial court found him guilty of both charges.
On appeal, defendant argues that the trial court erred in denying his motion for a judgment of acquittal on the criminal mischief charge. He reprises his contention that the statute requires proof of economic harm to establish that he "damage[d]" the property of another within the meaning of ORS 165.354. He argues that the plain meaning of the verb "damage" necessitates an element of economic loss and that the plain meaning of the term is confirmed by the context of the statute-specifically, the fact that the alternate ways of committing the offense specify a dollar amount of loss. The state contends that second-degree criminal mischief does not require proof of economic harm.
The issue, then, is one of statutory construction-that is, whether the reference to "damages" in the statute defining the offense of second-degree criminal mischief requires proof of economic loss. To address that issue, we examine the text of the statute in context and in light of any relevant legislative history to determine the meaning that the legislature most likely intended. State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009).
We begin with the text of the statute. ORS 164.354 (1)(b) provides that "[a] person commits the crime of criminal mischief in the second degree if *** [h]aving no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another[.]" The statute does not define the term "damages." The verb "damages," however, is a term of common usage, *267 and when statutes do not define such terms, we assume that the legislature intended them to have their plain, ordinary meanings. State v. Dickerson , 356 Or. 822, 831, 345 P.3d 447 (2015). The usual source for determining the ordinary meaning of statutory terms is a dictionary of common usage. State v. Murray , 340 Or. 599, 604, 136 P.3d 10 (2006) ("Absent a special definition, we ordinarily would resort to dictionary definitions, assuming that the legislature meant to use a word of common usage in its ordinary sense.").
In this case, the dictionary defines the verb to "damage" as "to do or cause damage to: hurt, injure, impair." Webster's Third New Int'l Dictionary 571 (unabridged ed. 2002). The dictionary defines the synonyms to the verb damage as follows. "Hurt" is "to do damage or material harm to: damage, impair." Id. at 1104. "Injure" is "to inflict material damage or loss on." Id. at 1164. "Impair" is "to make worse: diminish in quantity, value, excellence, or strength: do harm to: damage, lessen." Id. at 1131. Additionally, in addressing the nuances of the synonyms of "injure," the dictionary explains that "damage implies injury resulting in loss of value, completeness, efficiency, function." Id. at 1164.
As the foregoing definitions demonstrate, to "damage" certainly may include action that causes economic harm, but there is nothing about the verb that necessitates it. The term also includes any form of "material harm," loss of "completeness, efficiency, [or] function." In ordinary speech, it is common to speak of "damaged relationships," "damaging information," and the like without reference to economic loss. Defendant's argument that the plain meaning of "damage" requires proof of economic loss is simply incorrect.
Of course, we do not interpret statutes by reference to the plain meaning of words in isolation. The meaning of statutory terms most likely intended by the legislature is determined by reference to the use of the terms in context. See, e.g ., *361 State v. Gonzalez-Valenzuela , 358 Or. 451, 461, 365 P.3d 116 (2015) ("[A] dictionary definition-although providing some evidence of meaning-should not be relied on to resolve a dispute about plain meaning without critically examining how the definition fits into the context of *268 the statute itself."); Kohring v. Ballard , 355 Or. 297, 304, 325 P.3d 717 (2014) ("[W]e examine word usage in context to determine which among competing definitions is the one that the legislature more likely intended.").
In this case, the term "damage" is used in reference to "property of another." ORS 164.305(2) defines property of another as "property in which anyone other than the actor has a legal or equitable interest that the actor has no right to defeat or impair." In turn, ORS 164.005(5) defines "property" to mean "any article, substance or thing of value."
In State v. Waterhouse , 359 Or. 351, 358, 373 P.3d 131 (2016), the Oregon Supreme Court concluded that, for the purposes of criminal property offenses, the term "property" necessarily involves an element of monetary value: "[U]nder the Oregon Criminal Code, the concepts of 'property' and 'value' are inextricably linked in that the former does not appear to exist apart from some evidence of the latter." See also State v. Nyhuis , 251 Or. App. 768, 774, 284 P.3d 1229 (2012) (for purposes of arson statutes, "property of another" refers to property that has monetary value). Although defendant does not make the argument, it could be asserted that, in light of Waterhouse , the fact that "property" must be something of value suggests that "damage" to that property must entail some diminution in that value.
But the argument does not necessarily follow. The fact that property must have value does not necessarily mean that any damage to it requires a diminution in that value. Value is not always merely economic value. Property may be damaged in the sense of being physically harmed or losing completeness, efficiency, or function. It may be damaged even if such loss of efficiency or function has no appreciable affect on the economic value. Even objects with no economic value at all can be damaged if the harm affects some other value-like sentimental value. No one would contest, for example, that denting a vehicle damages it. Yet, depending on the circumstances, the damage may result in no appreciable loss in the monetary value of the vehicle.
By itself, then, the fact that "property" refers to things of value does not answer the question whether proof that one "damaged[d]" that property requires proof of a *269 diminution in value. That can be resolved only by reference to the way the terms are used in the statute defining the offense itself. In that regard, Waterhouse itself is instructive. In that case, the court said that, although the term "property" refers to a thing of value, whether the state must prove a particular value will depend on the statutes defining the offense. Waterhouse , 359 Or. at 357, 373 P.3d 131. The statute defining third-degree theft, ORS 164.043, does not specify a minimum valuation of the property stolen. As a result, the court held that all that the statute requires is what was stolen was "property," not that it had any particular value. Id . at 359, 373 P.3d 131.
We turn, then, to the statutes defining the offense of second-degree mischief. ORS 164.354(1), in its entirety, provides:
"A person commits the crime of criminal mischief in the second degree if:
"(a) The person violates ORS 164.345 [criminal mischief in the third degree], and as a result thereof, damages property in an amount exceeding $ 500; or
"(b) Having no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another, or, the person recklessly damages property of another in an amount exceeding $ 500."
ORS 164.345 provides that a person commits third-degree criminal mischief by tampering or interfering with the property of another "with intent to cause substantial inconvenience."
The statute thus establishes three different ways of committing the offense of second-degree criminal mischief: first, by committing third-degree criminal mischief and "damag[ing] property in an amount exceeding $ 500"; second, by "intentionally damag[ing] property of another"; and, third, by "recklessly *362 damag[ing] property of another in an amount exceeding $ 500." Significantly, only two of those three different ways of committing second-degree criminal mischief require proof of the economic value of the property damage. In the case of intentionally damaging property of *270 another, there is no mention of any particular amount of resulting economic harm.
Defendant argues that, because two of the three ways of committing the offense involve specific monetary amounts of value, it stands to reason that the third one must as well. Defendant, however, has it precisely backwards. Generally speaking, when the legislature includes a term in one or more statutes, but omits the term in another, we assume that it did so purposefully. State v. Bailey , 346 Or. 551, 562, 213 P.3d 1240 (2009) ("[W]hen the legislature includes an express provision in one statute and omits the provision from another related statute, we assume that the omission was deliberate."); PGE v. Bureau of Labor and Industries , 317 Or. 606, 611, 859 P.2d 1143 (1993) ("[U]se of a term in one section and not in another section of the same statute indicates a purposeful omission[.]"). In this case, then, when ORS 164.354 provides that second-degree criminal mischief may be committed by intentionally damaging the property of another-without reference to resulting economic harm-we assume that the omission was intentional. Any monetary amount of damage to the property of another, in other words, is irrelevant.
A related principle of statutory construction is that courts are constrained not to insert words that the legislature chose to omit. See, e.g. , Comcast Corp. v. Dept. of Rev ., 363 Or. 537, 545, 423 P.3d 706 (2018) (rejecting proposed interpretation because it "would require this court to insert" wording that the legislature chose not to include); see also ORS 174.010 (courts are to "ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted"). Again, the statute defining the offense of second-degree criminal mischief provides three ways of committing the offense: first, by committing third-degree criminal mischief and "damage[ing] property in an amount exceeding $ 500"; second, by "intentionally damag[ing] property of another"; and, third, by "recklessly damag[ing] property of another in an amount exceeding $ 500." Defendant's proposed reading of the statute effectively rewrites the second of the three to state that the offense may be committed by "intentionally *271 damag[ing] the property of another" in an amount less than $ 500 . When the legislature intends to require proof of such an amount, it knows how to do so. See, e.g ., ORS 164.043 (1)(b) (defining third-degree theft as theft of property if "[t]he total value of the property in a single or aggregate transaction is less than $ 100"); ORS 164.125(5)(b) (defining theft of services as a Class C misdemeanor "if the aggregate total value of services that are the subject of the theft is less than $ 100"). That it chose to omit any such reference to value we must credit in interpreting ORS 164.354(1).
To the extent that there are any doubts about the legislature's intended meaning of ORS 164.354, an examination of the legislative history easily resolves them. What is now ORS 164.354 originated as section 146 of the comprehensive revision of Oregon's criminal code in 1971. Or. Laws 1971, ch. 743, § 146. Section 146 of the Final Draft and Report is essentially the same as ORS 164.354.[1] The Commentary explained that the section
"defines three ways of committing the crime of criminal mischief in the second degree by damaging the property of another. Note that damaging the property of another in any amount is a violation, but *363 recklessly damaging requires the damage to exceed $ 100."[2]
Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report §§ 145-47, 153 (July 1970) (emphasis in original). The use and emphasis of the word "any" suggests that even damage that results in zero economic loss suffices.
*272 Even more to the point, though, are recorded discussions of a subcommittee of the commission, which led to the preparation of the Final Draft and Report. See State v. Branch , 362 Or. 351, 363, 408 P.3d 1035 (2018) ("This court has looked to commentaries produced by both the commission and its subcommittees as legislative history for the revised criminal code."). The discussions referred to a working draft of section 146, which again is essentially the same as what became ORS 164.354 :
"A person commits the crime of criminal mischief in the second degree if:
"(1) He violates section 1 [third degree criminal mischief], and as a result thereof, damages property in an amount exceeding $ 100; or
"(2) Having no right to do so nor reasonable ground to believe that he has such right, he:
"(a) Intentionally damages property of another; or
"(b) Recklessly damages property of another in an amount exceeding $ 100."
Criminal Law Revision Commission Proposed Oregon Criminal Code, Preliminary Draft No. 3, Art 16 (June 1968).
Project director Donald Paillette explained that the differences between the types of criminal mischief in the second degree lie in their "elements." Tape Recording, Criminal Law Revision Commission, Subcommittee 1, June 22, 1968, Tape 7, Side A (statement of Director Donald Paillette). He noted that "[w]e don't explicitly state or place a level of value on 2(a)," but they did for section 2(b), because "the crime that is prohibited under 2(b) has one more element than under [2(a) ], and that is the value of the damage." Id . To illustrate that, Paillette explained that criminal mischief in the second degree with intent to damage property would apply if "I get mad at my wife and drive through her petunias" or "I drive across the courthouse lawn because I am mad at somebody[,]" but not "if I'm engaged in the act of reckless driving," where the damage would need to exceed $ 100. Id.
Paillette further explained the distinction by reference to petty and grand larceny statutes, as they existed at the time:
*273 "[F]or example, a petty larceny statute could say that a man commits petty larceny if he steals property. Then you can have a statute that says he commits grand larceny if he steals property of a value of 'X' number of dollars and you're just adding an element to the crime, that's all."
Id. Therefore, "value is not an [element] of second degree [criminal mischief] any more than value is an element of petty larceny. It becomes an element when you get into grand larceny[,]" just as it becomes an element when you get into first-degree criminal mischief. Id.
In light of that explanation, there can be no doubt that the drafters of ORS 164.354 did not intend that the term "damages," as it is used in that statute, always requires proof of economic loss.
Returning to the facts of this case, it is not disputed that the copper pipe in the New Copper Penny that defendant broke had some monetary value and that it was therefore "property of another" within the meaning of ORS 164.354. It is likewise uncontested that defendant broke the pipe and, in doing so, caused the pipe physical harm. Defendant's sole contention is that causing such physical harm is legally insufficient to establish that he had "damage[d]" the pipe in violation of ORS 164.354, because there was no evidence of the dollar value of economic loss that resulted. For the reasons we have set out above, that argument is incorrect. Whether he caused the owners of the pipe to *364 suffer economic loss is immaterial. Defendant advances no other argument on appeal. The trial court did not err in denying defendant's motion for judgment of acquittal on the second-degree criminal mischief charge.
Affirmed.

Section 146 of the Final Draft and Report of the proposed criminal code provided:
"(1) A person commits the crime of criminal mischief in the second degree if:
"(a) He violates section 145 of this Act [third-degree criminal mischief], and as a result thereof, damages property in an amount exceeding $ 100; or
"(b) Having no right to do so nor reasonable ground to believe that he has such right, he intentionally damages property of another, or, he recklessly damages property of another in an amount exceeding $ 100."
Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 146 (July 1970).

In 2009, the amounts in ORS 164.354 were amended from $ 100 to $ 500. Or Laws 2009, ch 16, § 5.