No. 902 October 15, 2025 263

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. R.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

N. R.,
*Appellant.*

Multnomah County Circuit Court
23JU04460;
Petition Number
230912076;
A183506

Patricia L. McGuire, Judge.

Submitted September 9, 2025.

Christa Obold Eshleman filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

On Count 2C, reversed and remanded for entry of a judgment of jurisdiction for an act that, if committed by an adult, would constitute third-degree theft by receiving; otherwise affirmed.

**TOOKEY, P. J.**

Youth appeals a judgment adjudicating her delinquent for conduct that, if committed by an adult, would constitute giving false information to an officer, ORS 162.385 (Count 2B), and first-degree theft by receiving, ORS 164.095, ORS 164.055 (Count 2C). In her only assignment of error, youth contends that "the juvenile court erred by adjudicating [youth] delinquent for Count 2C theft by receiving."

For the reasons that follow, regarding Count 2C, we reverse and remand for entry of a judgment of jurisdiction for an act that, if committed by an adult, would constitute third-degree theft by receiving. We otherwise affirm.

*Standard of Review.* As relevant to our analysis in this opinion, youth's challenge is to the sufficiency of the evidence adjudicating youth for first-degree theft by receiving. Absent *de novo* review, our task on appeal is "to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the [offense] beyond a reasonable doubt." *State v. R. W. G.*, 288 Or App 238, 240, 404 P3d 1131 (2017) (internal quotation marks omitted).

Youth requests that we exercise our discretion to review *de novo* the issue of whether youth had "the required mental state for theft by receiving—actual knowledge or belief that the items were stolen." We decline, however, to exercise our discretion to review under that standard. *See* ORS 19.415(3)(b) (the court has discretion to apply *de novo* review in equitable actions); ORAP 5.40(8)(c) (providing that the court will exercise its discretion to review *de novo* "only in exceptional cases"). In particular, this is not a case in which *de novo* review is appropriate because, among other reasons, "the trial court was specifically alerted to a disputed factual matter and the importance of that disputed factual matter to the trial court's ultimate disposition of the case." ORAP 5.40(8)(d)(iii); *see* ORAP 5.40(8)(d) (setting forth nonexclusive factors we consider in determining whether to review *de novo*).

*Youth's Arguments.* Youth argues that the "the evidence in the record was insufficient to prove beyond a

reasonable doubt that [youth] knew the items were stolen." *See* ORS 164.095(1) ("A person commits theft by receiving if the person receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft."). Having reviewed the record, we conclude that legally sufficient evidence supports that youth knew or had good reason to know that the property she received was the subject of theft—namely, Officer Trapp's testimony that youth told him that she "believed that [the items] were stolen" and that she "knew that the items that she had *** did not belong to the person that [she and someone else] had received them from." *See State v. Jackson*, 340 Or App 712, 715, 571 P3d 1155 (2025) ("[O]ur task on appeal is not to weigh the evidence, it is only to determine whether there was legally sufficient evidence to support the challenged conviction." (Internal quotation marks omitted)).[1]

Youth also argues, however, that it was error to adjudicate her for first-degree theft by receiving because the "evidence was insufficient for a conclusion that [youth] was criminally negligent about the value of stolen items in her possession being over $1,000." *See* ORS 164.055(1) ("A person commits the crime of theft in the first degree if, *** [t]he total value of the property in a single or aggregate transaction is $1,000 or more[.]"); *State v. Shedrick*, 370 Or 255, 269-70, 518 P3d 559 (2022) (concluding that the state is required to prove "a culpable mental state as to the value of the property taken" and assuming, "without deciding, that the applicable culpable mental state for the property-value element is criminal negligence").

In response to that argument, the state concedes "that there was insufficient evidence to adjudicate youth for first-degree theft by receiving when the state did not prove a value of $1,000 or more." The state contends that the correct disposition is for this court to "remand for entry of an adjudication for third-degree theft by receiving" rather than first-degree theft by receiving. We agree with and accept the

---

[1] We acknowledge that, under the applicable standard of review, someone seeking reversal of a criminal conviction or delinquency adjudication based on insufficiency of the evidence "face[s] an uphill battle." *State v. Rodriguez/Buck*, 347 Or 46, 55, 217 P3d 659 (2009).

state's concession and agree with the state as to the correct disposition. *See State* v. *H. S.*, 237 Or App 385, 390, 239 P3d 999 (2010) (remanding for entry of a judgment of jurisdiction for an act that, if committed by an adult, would constitute third-degree theft where evidence insufficient to establish value element of second-degree theft).

On Count 2C, reversed and remanded for entry of a judgment of jurisdiction for an act that, if committed by an adult, would constitute third-degree theft by receiving; otherwise affirmed.